EDWIN C. SHAW ET AL. v. ARTHUR D. GILMORE ET AL.

*Principal and agent—Authority of copartner in banking firm, acting as cashier.*

Where an absconding debtor turned over to certain creditors, doing business as copartners under the name of the Dundee Bank, book-accounts and other choses in action to be collected and applied in payment of their claim, and one of said copartners, who was acting as cashier of the bank, by the direction of the debtor agreed with *other* creditors of the debtor to apply any balance realized from such accounts in payment of their claim,—

*Held,* that the cashier had authority to bind the firm by such agreement.

Error to Monroe. (Kinne, J.) Argued June 12, 1889. Decided July 11, 1889.

*Assumpsit.* Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson* and *Charles S. McDonald,* for appellants.

*E. R. Gilday* and *Seth C. Randall,* for defendants.[1]

CHAMPLIN, J. The plaintiffs compose two firms doing business in the city of Toledo, state of Ohio, under the firm names of E. C. Shaw & Co., and Wood & Acklin.

In 1885, one John F. Slayton, of Dundee, Michigan, became indebted to E. C. Shaw & Co. in the sum of $492.53, and to Wood & Acklin in the sum of $251.74. At that time the defendants were copartners in business at Dundee, carrying on an exchange and brokerage business under the firm name of "Dundee Bank." Slayton was also indebted to them in about the sum of $2,500. Being in failing circumstances, Slayton turned over to the Dundee Bank, book-accounts, notes, and choses in action to the nominal amount of about $8,000, and authorized the Dundee Bank to collect sufficient of such assets, and apply to the payment of such indebtedness. He then absconded.

Plaintiffs, learning of the failure of Slayton, went to Dundee, and there found Mrs. Slayton, the wife of their debtor, and a Mr. Corbin, who claimed to be the attorney of Mr. Slayton, and to represent him. Upon inquiry they found two parcels of land belonging to Mrs. Slayton, which were mortgaged, but not to their full value, as they were informed by Corbin, and he proposed to turn out such land in full payment of their debt. They would not consent to take the parcels of land in full payment, but would take them, and whatever was realized should be applied upon the indebtedness. Mr. Corbin, however, insisted that they should give a receipt in full for purposes of his own, to enable him to make better settlements with Slayton's cred-

---

[1] Counsel for defendants claim that the making of the contract was without consideration, and without the scope of the partnership business.

itors, and they gave him such receipts in full, on the understanding that they should not be used in any future proceedings by them to collect their debts from Slayton.

While there, and after Mrs. Slayton had executed a conveyance of the land to them, they learned that the Dundee Bank held the books of accounts, notes, etc., to collect the indebtedness due to the bank; and they requested Mr. Rathbun to apply any balance, over and above the amount realized to pay the bank, to the payment of their claims against Slayton. Thereupon, by consent of Corbin, Rathbun executed and gave to them the following paper in writing:

"*Know all men by these presents,* That Arthur D. Gilmore, George H. Rathbun, and John J. Dixon, composing the Dundee Bank, hereby agree with Wood & Acklin and E. C. Shaw & Co. (share and share alike, *pro rata*) as follows: After all of said bank's claims and demands of all kinds that they have at this date against John F. Slayton are fully satisfied and discharged, to apply any balance of book-accounts or other assets of John F. Slayton, that they have on hand, to the payment of the claims of E. C. Shaw & Co. and Wood & Acklin, *pro rata,* after all expenses of all kinds shall be taken out.

"*March* 9, 1885.         GEORGE H. RATHBUN,
                                "Cashier Dundee Bank."

The Dundee Bank, having collected the amount due them, on the demand of Slayton redelivered the assets in their hands uncollected to him. The plaintiffs demanded the book-accounts, notes, and choses in action so uncollected from defendants, and on non-compliance with such demand brought this suit.

In one count they charge the defendants with having collected a large amount out of such assets over and above the amount due to them, and refuse to pay the same over to the plaintiffs, to their damage $3,000.

In another count of the declaration they set up the indebtedness of Slayton to them and to the Dundee Bank, and allege that the book-accounts, notes, and choses in action

were assigned to the bank, and they requested the defendants, after payment of the indebtedness from him, the said—

"John F. Slayton, to said defendants, to collect the balance of the said notes, claims, and accounts so as aforesaid assigned to them, and with the avails thereof to satisfy the respective claims of said plaintiffs. And, in consideration of such assignment, they, the said defendants, then and there agreed to and with the said John F. Slayton to collect the said notes, demands, claims, and other choses in action so far as possible, and, after satisfying themselves as aforesaid, to pay said plaintiffs' respective claims; and in consideration of the premises, and in further consideration of the forbearance of the above plaintiffs in not taking legal proceedings to satisfy their claims and demands against said Slayton out of the assets by the said Slayton so assigned to the within defendants, and then in the possession of, and under the control of, the said defendants, as was by these plaintiffs threatened, they, the said defendants, made, executed, and delivered to said plaintiffs a certain written agreement, in words and figures as set forth in said first count.

"Yet said defendants, disregarding their said promises and agreements, have wholly failed to collect more of the said claims, demands, and other choses in action, so as aforesaid assigned to them, than enough to satisfy their own claims, and have neglected and refused, although often requested so to do, to collect enough of the remainder of the said accounts and choses in action to pay the respective claims of said plaintiffs, or to transfer the same to said plaintiffs that they might make such collections, to the damage of said plaintiffs $3,000; and therefore they bring suit."

There was testimony tending to prove that Mr. Corbin represented the debtor, Mr Slayton, in this transaction, and that the arrangement was mutually assented to.

We think the transaction was of such nature that Mr. Rathbun, the cashier of the Dundee Bank, could bind the firm by the agreement relied on. There was also some testimony tending to show ratification by the other partners, but, irrespective of this, we think Rathbun, acting for the bank as its casher, had authority to bind the copartnership as to

:the disposition of the remaining assets, when it is shown that such disposition was by Slayton's direction. The case should have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J., did not sit.